### UNITED STATES v. ROCKEFELLER.

(District Court, D. Montana. August 30, 1919.)

No. 3342.

GAME ☞4—TREATIES ☞4—MIGRATORY BIRD TREATY AND ENFORCEMENT ACT WITHIN TREATY-MAKING POWERS.

The Migratory Bird Treaty between the United States and Great Britain of August 16, 1916, Migratory Bird Treaty Act July 3, 1918 (Comp. St. 1918, Append. §§ 8837a–8837m), and the regulations adapted thereunder, *held* within the constitutional powers of the federal government, and valid.

Criminal prosecution by the United States against Howard Rockefeller. On demurrer to information. Overruled.

E. C. Day, U. S. Atty., and W. W. Patterson, Asst. U. S. Atty., both of Helena, Mont.

William I. Lippincott, of Butte, Mont., for defendant.

BOURQUIN, District Judge. The information charges that defendant in a power boat took wild ducks, contrary to regulations authorized by statute (Act July 3, 1918, c. 128, 40 Stat. 755 [Comp. St. 1918, Append. §§ 8837a–8837m]) effectuating the Migratory Bird Treaty (39 Stat. 1702) with Great Britain. Defendant demurs, upon the ground that regulations, statute, and treaty are unconstitutional, for that they purport to regulate the taking of game birds, whereas such regulation is vested in the states alone as part of their reserved police powers.

The Supreme Court has declared that fish and game birds, like air and water, are of the negative community, with common right in all persons to take of them; that this right is not property capable of taxation and transfer, save when converted into a profit à prendre; that fish and game become property when reduced to possession; that their preservation and regulation of taking thereof are vested in the states as part of the latter's reserved police powers, but "subject, of course, to any valid exercise of authority under the provisions of the federal Constitution." Kennedy v. Becker, 241 U. S. 562, 36 Sup. Ct. 705, 60 L. Ed. 1166; Silz v. Hesterberg, 211 U. S. 41, 29 Sup. Ct. 10, 53 L. Ed. 793; Geer v. Conn, 161 U. S. 519, 16 Sup. Ct. 600, 40 L. Ed. 793; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. And see Oil Co. v. Indiana, 177 U. S. 209, 20 Sup. Ct. 576, 44 L. Ed. 729.

The power to enter into treaties is an "authority, under the provisions of the federal Constitution," vested in the United States alone.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Is this treaty a "valid exercise" thereof? Before the Constitution the states severally possessed plenary treaty-making power, and by the Constitution they were shorn of the whole thereof, and the larger part of it was vested in the United States; the larger part, not all, for it is clear a state by treaty could have entered into some contracts affecting itself which the United States cannot. This power extends to all subjects usual to treaties, to all within the international domain, to all of international concern and negotiation, but limited, nevertheless, to subjects and treaties not inconsistent with our system of government, with the relations of the states and the United States, with the federal Constitution. Treaties in relation to such subjects, and within such limits, by the federal Constitution are made of the supreme law of the land, to which all state Constitutions, statutes, and rights yield to the extent of any conflict. Gibbons v. Ogden, 9 Wheat. 211, 6 L. Ed. 23; License Cases, 5 How. 504, 12 L. Ed. 256; United States v. Whisky, 93 U. S. 197, 23 L. Ed. 846; Hauenstein v. Lynham, 100 U. S. 488, 25 L. Ed. 628; Geofroy v. Riggs, 133 U. S. 267, 10 Sup. Ct. 295, 33 L. Ed. 642; Downes v. Bidwell, 182 U. S. 312, 21 Sup. Ct. 770, 45 L. Ed. 1088; Compagnie Francaise v. Board, 186 U. S. 388, 22 Sup. Ct. 811, 46 L. Ed. 1209.

This supremacy of federal authority to that of the states is not peculiar to treaties, but extends to all "valid exercise of authority under the provisions of the federal Constitution." The states themselves (in the sense of their people) so provide in the federal Constitution ordained and established by them.

To illustrate in the matter of treaties, though it is of the reserved powers of states to control the inheritance of real property, any their laws that aliens cannot inherit yield to treaties to the contrary. See Blythe v. Hinckley, 180 U. S. 340, 21 Sup. Ct. 390, 45 L. Ed. 557, and cases cited, and United States v. Whisky, supra.

Though it is of the reserved power of states to allow, prohibit, and regulate the introduction and sale of intoxicating liquors, they cannot allow nor prohibit such introduction contrary to treaty, nor allow sale in parts of their territory where treaties otherwise provide. License Cases, 5 How. 504, 12 L. Ed. 256; United States v. Whisky, 93 U. S. 197, 23 L. Ed. 846.

Though it is of the states' reserved powers to protect health and to establish and regulate quarantine, their laws to those ends yield to the extent of any conflict with treaties. Compagnie Francaise v. Board of Health, 186 U. S. 388, 22 Sup. Ct. 811, 46 L. Ed. 1209, and cases cited.

Fisheries have been the subject of treaties always, and the principles and objects thereof are equally applicable and desirable in relation to migratory birds and other game. So doubtless of air and water, their protection from pollution, their conservation, apportionment, and use. The object of all thereof is to peacefully share those natural resources which are the property of no one till reduced to possession, from which all may take when within their territory, which are alternately found within the territory of the several nations and in places common to all as the high seas, which may be wholly seized and ex-

terminated by one to the great and irreparable damage of all, which in accord may be preserved and enjoyed a blessing to all, but in discord may be annihilated to the injury of all, and which may become legitimate causes for war, to obviate which is of the most ancient and important objects of treaties. Vide the seal and other fisheries controversies and treaties.

The United States by treaty has even authorized aliens to fish in state waters and without question. See Manchester v. Mass., 139 U. S. 264, 11 Sup. Ct. 559, 35 L. Ed. 159. Civilized nations have awakened to the value of certain wild life, and to the necessity of co-operation to conserve and perpetuate it. Not otherwise can migratory birds be preserved from extinction. It avails little to protect them at one of their resorts, if they are mercilessly slaughtered at others. If wild ducks, or their eggs and nests, are destroyed on the northern breeding grounds, there will be little sport and profit in duck shooting in the southern fields; and if these birds are exposed to unregulated killing in their winter resorts, there will be few to propagate their kind in the marshes of the north. Their continued existence is beyond the power of separate states and nations. It can be accomplished only by treaty to that end between nations. A state can protect wild life only within its territory; the United States by treaty can protect it everywhere. This treaty tends thereto.

It may be that the several states could enter into agreements to accomplish the same object, could even enter into such agreements with foreign nations, within the principle of Wharton v. Wise, 153 U. S. 169, 14 Sup. Ct. 783, 38 L. Ed. 669; but it is wholly impracticable. And in any event this possibility does not exclude a subject from the federal treaty-making power, if otherwise within it as hereinbefore defined. It is only another instance of dual authority, wherein that of the states yields to that of the United States when by the latter exercised. It is observed this treaty neither barters away nor divests any property right of state or citizen, but only regulates their control and exercise of rights of the chase, duly subordinates them to valid exercise of federal authority to enter into treaties to promote national and international objects, welfare, and peace. It is believed the treaty, and the statute and regulations effectuating it, are valid exercise of federal power, and so are constitutional.

Hence the demurrer is overruled.